C. Taylor Ashworth, AZ Bar No. 10143
Christopher Graver, AZ Bar No. 13235
Josh Kahn, AZ Bar No. 26284
**STINSON MORRISON HECKER LLP**
1850 N. Central Avenue, Suite 2100
Phoenix, Arizona  85004-4584
Tel:  (602) 279-1600
Fax:  (602) 240-6925
cgraver@stinson.com

Proposed Counsel for Arizona Heart Institute, Ltd.

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re | Chapter 11 |
| ARIZONA HEART INSTITUTE, LTD. | Case No. |
| Debtor. | **EMERGENCY MOTION TO APPROVE STIPULATED ORDER FOR USE OF NORTHERN TRUST'S CASH COLLATERAL AND OTHER RELATED RELIEF** |
| | **Hearing Date:**　　**None Set** <br> **Hearing Time:** <br> **Location:**　　**Courtroom #602** <br> 　　　　　　　　**230 N First Ave** <br> 　　　　　　　　**Phoenix AZ  85003** |

PURSUANT TO LOCAL RULES OF BANKRUPTCY PROCEDURE 4001-4(b), THE DEBTOR MAKES THE FOLLOWING DISCLOSURE:  THIS MOTION REQUESTS ENTRY OF AN ORDER:  (A) GRANTING NORTHERN TRUST, N.A., A PRE-PETITION CREDITOR, A REPLACEMENT LIEN OVER ALL POST-PETITION PROPERTY, ASSETS AND CASH COLLATERAL OBTAINED BY THE DEBTOR; (B) MAKING FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING THE AMOUNT OF NORTHERN TRUST, N.A.'s, SECURED DEBT AND THE PERFECTION AND SCOPE OF SECURITY INTERESTS SECURING SUCH DEBT; AND (C) GRANTING "CARVE-OUT" RIGHTS TO THE DEBTOR'S PROFESSIONALS WITHOUT PROVIDING SIMILAR TREATMENT TO OTHER PROFESSIONAL THAT BE EMPLOYED DURING THIS CHAPTER 11 CASE.

Arizona Heart Institute, LTD. ("AHI" or "Debtor"), Debtor and Debtor-in-Possession in the

above-captioned Chapter 11 reorganization case, hereby files this **Emergency Motion to Approve**

**Stipulated Order for Use of Northern Trust's Cash Collateral and Other Related Relief** (the

"Motion").  Through this Motion the Debtor seeks entry of a Stipulated Order For Limited Use of

Northern Trust's Cash Collateral and Other Related Relief (the "Proposed Order", a copy of which is attached hereto as **Exhibit A**) authorizing it to use Northern Trust N.A.'s ("Northern Trust's") (Northern Trust and the Debtor are collectively the "Parties") cash collateral and granting Northern Trust replacement liens as adequate protection for the use thereof.  In support of this Motion, the Debtor respectfully submits the following.

1.     On July 30, 2010, AHI filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code ("Petition Date") in the United States Bankruptcy Court for the District of Arizona.  Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to manage its operations as debtor-in-possession.

2.     The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(a).  This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.     The statutory predicate for this motion is 11 U.S.C. §363(c).

4.     The Debtor provides healthcare services in connection with the prevention, detection and treatment of cardiovascular diseases.

5.     Prior to the Petition Date, between January 3, 2006 and November 3, 2008, the Debtor executed a number of Promissory Notes in favor of Northern Trust in the aggregate principal amount of $8,920,339 (the "Notes").

6.     As security for amounts owing to Northern Trust in connection with the Notes, the Debtor executed and delivered to Northern Trust two Commercial Security Agreements, dated respectively, January 3, 2005 and March 28, 2007 (the "Security Agreements") (the Notes and Security Agreements are referred to as the "Loan Documents").  The Security Agreements were duly perfected by the filing of numerous UCC-1 Financing Statements.  The Security Agreements grant Northern Trust a security interests in all of the Debtor's receivables, accounts, chattel paper, general intangibles, furniture, fixtures, equipment, and other cash and cash equivalent proceeds, some of which constitute "cash collateral" within the meaning of Bankruptcy Code § 363(a) (the "Cash Collateral").

2

7.      As part of the Debtor's loan and Security Agreements with Northern Trust, Debtor's receivables are received in a "lockbox" account at Northern Trust.

8.      The Debtor's other significant secured creditor, General Electric Capital Corporation, is secured by purchase money security interests that are unaffected by the proposed use of cash collateral.

9.      The Debtor defaulted pre-petition on its obligations under the Loan Documents by, among other things, failing to pay amounts owed as they became due under the Notes.

10.     As of July 21, 2010, the Debtor was indebted to Northern Trust in the amount of at least $6,670,361.69 plus subsequent advances, accrued and accruing interest, costs, and attorneys fees and other amounts due and owing under the Loan Documents (the "Indebtedness"). The Parties agree that as of the Petition Date, Northern Trust's collateral under the Security Agreements had a value less than the amount owed to Northern Trust and that Northern Trust is therefore undersecured.

11.     The Debtor needs the use of the Cash Collateral in order to continue the operation of its business. Northern Trust has agreed to let to the Debtor use the Cash Collateral pursuant to the terms of, and in accordance with the budget attached to, the Proposed Order. Among other things, and as set forth in greater detail in the Proposed Order, the Proposed Order provides that:

- The Debtor may use the Cash Collateral pursuant to the budget attached to the Proposed Order. *See Proposed Order ¶ 3.*

- Unless extended, the authority to use Northern Trust's cash collateral will expire on the earlier of October 15, 2010, or the occurrence of certain enumerated events, which include, among others, closing of a sale of certain of Northern Trust's collateral or the occurrence of a default that remains uncured after notice. *See Proposed Order ¶ 2.*

- The Debtor will be permitted to compensate its ordinary course professionals up to a stated monthly maximum amount provided for in the budget out of Cash Collateral. *See Proposed Order ¶ 5.*

- Debtor's bankruptcy counsel's fees and the fees of any committee appointed by the bankruptcy court will be provided for, up to a stated maximum amount, through a carve-out from Northern Trust's cash collateral. *See Proposed Order ¶ 6.*

- The Debtor will provide weekly reports of cash collateral use to Northern Trust. *See Proposed Order ¶ 9.*

3

- The Debtor will provide to Northern Trust, as adequate protection for its permitted use of Cash Collateral, a valid and perfected security interest and lien in all of the Debtor's now owned or after acquired real property and personal property of all types, including, without limitation, all accounts, accounts receivable, general intangibles and other rights to payment of any type. *See Proposed Order* ¶ 7.

- To the extent that Northern Trust's interest in the cash collateral is not adequately protected by the terms of the order, Northern Trust shall have an allowed superpriority administrative expense claim pursuant to Bankruptcy Code §507(b). *See Proposed Order* ¶ 8.

- The Debtor has stipulated to the amount, validity, and enforceability of Northern Trust's liens. Any other party wishing to contest them must do so no later than the earlier of (i) forty-five (45) days from the service of the Court's Order approving the stipulation or (ii) fifteen (15) days after the entry of an order approving bid procedures and bid protections in connection with a proposed sale of some or all of Northern Trust's collateral. *See Proposed Order ¶11.*

12.     The Debtor and Northern Trust have acted in good faith in negotiating the provisions of this the Proposed Order and believe the Proposed Order to be in the best interest of the Debtor's estate and its creditors.

WHEREFORE, the Debtors respectfully request that this Court:

1.      Set an emergency hearing on this motion;

2.      Enter an interim and final order for the use of cash collateral in the form of the Proposed Order;

3.      Direct the Debtor to provide notice of that Order and a deadline for objections to the United States Trustee and all other parties and entities entitled to receive notice pursuant to Federal Rule of Bankruptcy Procedure 4001(d);

4.      If there is a timely objection to the Motion, schedule a final hearing thereon; and

5.      Grant such other and further relief as is just and appropriate under the circumstances.

4

1    RESPECTFULLY SUBMITTED this July 30, 2010.

2                                    **STINSON MORRISON HECKER LLP**

3

4                             By:    /s/ Christopher Graver (#13235)
                                     C. Taylor Ashworth
5                                    Christopher Graver
                                     Josh Kahn
6                                    1850 N. Central Avenue, Suite 2100
                                     Phoenix, Arizona  85004-4584
7                                    Proposed Counsel for Arizona Heart Institute,
                                     Ltd.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28