C. Taylor Ashworth, AZ Bar No. 10143
Christopher Graver, AZ Bar No.13235
Josh Kahn, AZ Bar No. 26284
**STINSON MORRISON HECKER LLP**
1850 N. Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 279-1600
Fax: (602) 240-6925
cgraver@stinson.com

Attorneys for Arizona Heart Institute, Ltd.

ORDERED ACCORDINGLY.

Dated: September 07, 2010

_____
**GEORGE B. NIELSEN, JR**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>ARIZONA HEART INSTITUTE, LTD.<br><br>Debtor. | Chapter 11<br><br>Case No. 2:10-bk-24062-GBN<br><br>**INTERIM ORDER (A) APPROVING BID PROCEDURES AND BID PROTECTIONS, INCLUDING A BREAK-UP FEE, TO BE EMPLOYED IN CONNECTION WITH THE PROPOSED SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS; (B) SCHEDULING AN AUCTION AND SALE HEARING; AND (C) APPROVING THE FORM AND MANNER OF NOTICE RELATED THERETO** |

This matter came before the Court on the Motion of Debtor and Debtor-in-Possession Arizona Heart Institute, Ltd. ("**Debtor**" or "**AHI**") for an Emergency Hearing on Approval of Certain Auction and Bid Procedures, Including a Break-Up Fee; Setting Date and Time for Hearing on Proposed Sale; and Approving Form of Notice of Auction and Sale Hearing (the "**Bid Procedures Motion**," DE #4)[1], which requests an order, among other things, (a) approving Bid Procedures to be employed in connection with the proposed sale of the Debtor's Assets; (b) approving a Break-Up Fee in connection therewith; (c) scheduling a hearing (the "**Sale Hearing**") to consider approval of the sale of Assets; and

---

[1] The Bid Procedures Motion forms part of Debtor's Motion for an Order Approving Sale of Debtor's Assets Under Asset Purchase Agreement Free and Clear of Liens, Claims and Encumbrances; Approving Assumption and Assignment of Unexpired Leases and Executory Contracts; and for an Emergency Hearing on Approval of Certain Auction and Bid Procedures, Including a Break-Up Fee; Setting Date and Time for Hearing on Proposed Sale; and Approving Form of Notice of Auction and Sale Hearing (the "Sale Motion").

DB04/839144.0002/2989224.11 DD02

(d) approving the form and manner of notice of the Sale Motion and Sale Hearing;[2] and no previous motion for similar relief having been made to this Court; and the Court having previously set the Sale Hearing for September 21, 2010, at 2:00 p.m.; and the Court having further set the bidding procedures for interim hearing on August 26, 2010, at 2:30 p.m. ("**Interim Bid Procedures Hearing**"), and for final hearing to consider any response to the Bid Procedures Motion by the Unsecured Creditors' Committee on September 10, 2010, at 11:15 a.m. ("**Final Bid Procedures Hearing**"); and the Court having conducted the Interim Hearing, having considered the Bid Procedures Motion and the objection thereto by the US Trustee, having heard and considered the arguments of counsel, and after due deliberation thereon; and sufficient cause appearing therefor:

THE COURT FINDS that

1. This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Due and proper notice of the Bid Procedures Motion has been given and no further notice is required.

3. The Debtor wishes to sell substantially all of its Assets, and Hospital Development Company Number 1, Inc. (the "**Proposed Buyer**") has agreed to purchase the Debtor's Assets pursuant to the terms of the Asset Purchase Agreement by and between the Debtor and Proposed Buyer, dated July 30, 2010 (the "**APA**"). Pursuant to the APA, the Debtor will hold an Auction for the sale of its Assets, and the Proposed Buyer will serve as a stalking horse bidder at such Auction. The Debtor has proposed to conduct the Auction through the Bid Procedures attached hereto as **Exhibit A,** which, in part, includes modifications reflecting (a) an agreement of the Debtor, the Proposed Buyer, the Debtor's primary secured creditor, Northern Trust, N.A., and the U.S. Trustee, and (b) the ruling of this

---

[2] Except as otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Bid Procedures attached hereto as Exhibit A.

2

Court at the Interim Bid Procedures Hearing ("**Bid Procedures**"). Debtor believes that the Auction and Bid Procedures fairly balance the interests of all parties and are reasonably calculated to promote a clear and equitable process for the sale of the Debtor's Assets.

4. The Bid Procedures (including the Break-Up Fee) are within the reasonable business judgment of the Debtor, are in the best interests of the Debtor and its estate, and are fair, reasonable and appropriate in the circumstances.

5. The Bid Procedures include a Break-Up Fee payable to Proposed Buyer consisting of (a) $200,000, plus (b) Proposed Buyer's reasonable out-of-pocket legal and other fees and other expenses, in an amount not to exceed $150,000.

6. The terms of Proposed Buyer's deposit of $500,000 (the "**Good Faith Deposit**") are reasonable and in the best interests of the Debtor and its bankruptcy estate.

7. The proposed Sale Notice attached hereto as **Exhibit B** is reasonably calculated to (a) provide adequate notice of and opportunity for interested buyers to participate in the Auction identified therein, (b) provide adequate notice and opportunity for a hearing on any objections to the assumption and assignment of any executory contracts under the APA, and (c) provide adequate notice and opportunity for a hearing on the remaining relief requested in the Sale Motion.

ACCORDINGLY, IT IS HEREBY ORDERED that the Bid Procedures Motion is granted, subject to further order of this Court at the Final Bid Procedures Hearing upon consideration of the response, if any, by the Unsecured Creditors' Committee in these proceedings.

IT IS FURTHER ORDERED that the Debtor need only consider bids that meet the requirements set forth in the Bid Procedures and the criteria for becoming a Qualified Bid.

IT IS FURTHER ORDERED that the Bid Procedures set forth in **Exhibit A** hereto are hereby approved in all respects and that Debtor and its agents and professionals are hereby authorized and empowered to take any and all actions necessary or appropriate to effect, abide or comply with the Bid Procedures.

3

IT IS FURTHER ORDERED that the provisions of the APA for payment of the Break-Up Fee are approved, and that the Debtor is authorized and directed to comply with the APA as it relates to the payment of the Break-Up Fee. The Break-Up Fee shall consist of (a) $200,000, plus (b) Proposed Buyer's reasonable out-of-pocket legal and other fees and other expenses, in an amount not to exceed $150,000. At the Auction, the Proposed Buyer may also match any competing bid in lieu of exceeding a prior bid, including the Initial Auction Bid, and the Debtor will deem the Proposed Buyer's matching bid the highest and best offer based on the Break-up Fee that would otherwise be paid to the Proposed Buyer.

IT IS FURTHER ORDERED that in the event the Court approves a sale of some or all of the Debtor's Assets to a party other than the Proposed Buyer, Debtor shall pay the Proposed Buyer the Break-Up Fee upon the consummation of such sale from the first cash proceeds thereof, as an administrative expense with priority under Section 507(a)(1) of the Bankruptcy Code.

IT IS FURTHER ORDERED that (a) the Proposed Buyer will deliver to Seller the Good Faith Deposit within one business day after the entry of this Interim Order; (b) the Good Faith Deposit is non-refundable, except that Proposed Buyer will be entitled to the return of the Good Faith Deposit by wire (i) on October 15, 2010, in the event that this Court does not approve the sale to Proposed Buyer consistent with section 11 of the APA by October 15, 2010, so long as such failure to approve such order is not attributable to the actions of Proposed Buyer inconsistent with the terms of the APA or (ii) within one business day of the close of a sale of all, or any, of the Acquired Assets to any party other than Proposed Buyer, provided, however, notwithstanding the foregoing, in the event that the form of Final Order that is entered by this Court does not adopt the Bid Procedures or Break Up Fee as set forth in this Interim Order or does not adopt any terms set forth in section 11.2 of the APA or otherwise, other than revisions to such provisions as set forth in this Interim Order, Proposed Buyer will, within three (3) business days after the entry of such Final Order, notify AHI in writing whether it elects to terminate the APA due to the Final Order's non-compliance with the APA pursuant to section

4

10.1(c) of the APA; in the event that Proposed Buyer elects to terminate the APA due to the Final Order's non-compliance with the APA pursuant to section10.1(c) of the APA, the APA shall terminate without further action and the Good Faith Deposit shall be returned to Proposed Buyer by wire within one business day of such termination; in the event that Proposed Buyer does not elect to terminate the APA in light of the Final Order's non-compliance with the APA pursuant to section 10.1(c), the Good Faith Deposit shall be non-refundable except as otherwise set forth in clauses (b)(i) and (b)(ii) above; Proposed Buyer's failure to provide written notification as required herein shall be deemed as an acceptance of the Final Order by Proposed Buyer.

IT IS FURTHER ORDERED that the Good Faith Deposit will be held by Debtor in a segregated or separate account subject to the terms set out above and shall not otherwise be spent or used by the Debtor until such Good Faith Deposit is no longer refundable under the terms of section 11.2(h) of the APA.

IT IS FURTHER ORDERED that in the event of a competing Qualified Bid for the Debtor's Assets, the Proposed Buyer will be entitled to credit bid the amount of the Break-Up Fee and the amount of the Good Faith Deposit to its overbid in accordance with the terms of the Bid Procedures.

IT IS FURTHER ORDERED that the Auction provided for in the Bid Procedures shall be conducted by the Court at the Sale Hearing.

IT IS FURTHER ORDERED that the Sale Hearing shall be held on September 21, 2010 at 2:00 p.m. local Phoenix time (Mountain Standard Time), or as soon thereafter as counsel may be heard, before the Honorable George B. Nielsen, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Arizona, 230 North First Avenue, Courtroom 702, Phoenix, Arizona 85003.

IT IS FURTHER ORDERED that the Sale Hearing may be adjourned from time to time without further notice other than an announcement by Debtor in the Court of such adjournment on the date scheduled for the Sale Hearing; provided, however, that any such adjournment shall not in any

5

way alter Proposed Buyer's or Debtor's ability to exercise their respective termination rights under Section 10.1 of the APA.

IT IS FURTHER ORDERED that Debtor shall serve within three (3) business days after entry of this Bid Procedures Order, such Bid Procedures Order upon (a) all parties who Debtor believes have an interest in acquiring the Assets, (b) each party that filed a notice of appearance herein prior to service of the Sale Motion, (c) all creditors of the Debtor, including entities who recorded or filed proof(s) of claim as against the Debtor, and all entities listed on the Debtor's schedules as holding secured claims, (d) all entities asserting, or who have recorded in the public record, any lien, interest or encumbrance in or upon the Assets, and (e) all parties to Debtor's unexpired leases and executory contracts.

IT IS FURTHER ORDERED and **NOTICE IS HEREBY GIVEN TO PARTIES TO DEBTOR'S UNEXPIRED LEASES AND EXECUTORY CONTRACTS** that Proposed Buyer may (i) remove any Assigned Contract or any Assigned Personal Property Lease set forth on Schedule 4.8 and Schedule 4.19 of the APA at any time up to, and including, the Closing Date, and (ii) add any Assigned Contract or any Assigned Personal Property Lease to Schedule 4.8 and Schedule 4.19 up to and until two days prior to the Sale Hearing.

IT IS FURTHER ORDERED that, on or before September 7, 2010, Seller shall file with the Bankruptcy Court a notice with respect to the amounts, if any, required to cure all defaults under (a) the Assigned Personal Property Leases listed on Schedule 4.8 to the APA, and (b) the Assigned Contracts listed on Schedule 4.19 to the APA (together, the "**Cure Costs**"), and serve such notice on all necessary persons. The notice shall set forth, (i) with specificity, the amount of the Cure Cost for each particular Assigned Contract and Assigned Personal Property Lease, if any, (ii) the intent to assume and assign to Proposed Buyer such Assigned Contract or Assigned Personal Property Lease at the Closing Date, and (iii) the deadline for responses or objections to the assumption or assignment of such Assigned Contract or Assigned Personal Property Lease or to the Cure Cost related to same.

DB04/839144.0002/2989224.11 DD02

IT IS FURTHER ORDERED that if no objection is timely received by Debtor, the Cure Costs so scheduled shall be controlling notwithstanding anything to the contrary in the Assigned Contract, Assigned Personal Property Lease, or any related documents, and the non-Debtor party to the Assigned Contract or the Assigned Personal Property Lease shall be forever barred from asserting against Debtor or Proposed Buyer (or the Winning Bidder, as appropriate) any other claim as to the Assigned Personal Property Lease or Assigned Contract arising prior to its assumption and assignment or to objecting to the assumption and assignment of such Assigned Contract or Assigned Personal Property Lease. If an objection to the assumption and assignment is made, a hearing on such objection shall be held at the Sale Hearing. If an objection by the non-Debtor contracting party is made only with respect to the Cure Cost, a hearing to fix the Cure Cost will be set for a hearing date available from the Court after the Sale Hearing at a time mutually agreeable to the parties.

IT IS FURTHER ORDERED that the effective date of any assumption and assignment of any Assigned Contract or Assigned Personal Property Lease shall be the date on which the sale of Assets closes in accordance with the terms of the APA. Accordingly, any Cure Costs to be paid under any Assigned Contract or Assigned Personal Property Lease will also be paid upon the closing of the sale of Assets or as soon thereafter as the Cure Cost is fixed by the Court or agreed by the parties.

IT IS FURTHER ORDERED that such notice as set forth in the preceding paragraphs shall constitute good and sufficient notice of the Sale Motion as it relates to Debtor's request for entry of the Sale Order, the Auction and the Sale Hearing, and no other or further notice of the Sale Motion, the Auction or the Sale Hearing shall be necessary or required.

IT IS FURTHER ORDERED that responses or objections, if any, to the entry of an Order granting the remaining relief requested in the Sale Motion, other than to the assumption and assignment of any Assigned Contract or Assigned Personal Property Lease or to the Cure Cost related to same, shall be filed with this Court and served, so as to be actually received no later than September 14, 2010 at 4:00 p.m. local Phoenix time (Mountain Standard Time).

7

IT IS FURTHER ORDERED that responses or objections, if any, to the entry of an Order approving the assumption and assignment of any Assigned Contract or Assigned Personal Property Lease or to the Cure Cost related to same, shall be filed with this Court and served, so as to be actually received no later than September 20, 2010 at 4:00 p.m. local Phoenix time (Mountain Standard Time). Any objection to the assumption and assignment of any Assigned Contract or Assigned Personal Property Lease must state with detail the grounds for any objection to the assignment of such contract or lease to the Proposed Buyer.

IT IS FURTHER ORDERED that the Debtor is authorized and empowered to take such steps, incur and pay such costs and expenses, and do such things as may be reasonably necessary to implement this Bid Procedures Order and to otherwise comply with Section 11.2 of the APA.

IT IS FURTHER ORDERED that any party wishing to bid on the Assets at the Sale Hearing shall sign and deliver a Confidentiality Agreement to Debtor in accordance with the Bid Procedures, such Confidentiality Agreement to be in a form reasonably acceptable to the Proposed Buyer, Northern Trust, and the U.S. Trustee, and to be filed with the Court.

IT IS FURTHER ORDERED that any objections to the entry of this Interim Bid Procedures Order that have not been withdrawn, waived or settled, and all reservations of rights regarding same, shall be and hereby are OVERRULED on the merits.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Interim Bid Procedures Order.

DATED AND SIGNED ABOVE.

8



EXHIBIT A

# BID PROCEDURES

1.  **Motion for Bankruptcy Court Approval of Sale.** Arizona Heart Institute, Ltd. ("**AHI**" or "**Debtor**"), the Debtor and Debtor-in-Possession in a Chapter 11 bankruptcy proceeding pending in the United States Bankruptcy Court for the District of Arizona, No. 2-10-bk-24062, has filed with the Court and served <u>Debtor's Motion for an Order Approving Sale of Debtor's Assets Under Asset Purchase Agreement Free and Clear of Liens, Claims and Encumbrances; Approving Assumption and Assignment of Unexpired Leases and Executory Contracts; and for an Emergency Hearing on Approval of Certain Auction and Bid Procedures, Including a Break-Up Fee; Setting Date and Time for Hearing on Proposed Sale; and Approving Form of Notice of Auction and Sale Hearing</u> (the "**Sale Motion**").[1] The Sale Motion seeks (i) authority to sell, free and clear of all liens, claims, interests and encumbrances, substantially all of the Debtor's assets (the "**Assets**") in accordance with an Asset Purchase Agreement dated July 30, 2010 (the "**APA**") at an Auction (the "**Auction**"); (ii) authority to assume and assign certain executory contracts and unexpired leases; (iii) a hearing before the United States Bankruptcy Court for the District of Arizona (the "Court") to approve these Bid Procedures (the "**Bid Procedures**") and the Sale Motion; (iv) a hearing before the Court to confirm the sale of the Assets pursuant to the outcome of the Auction (the "**Sale Hearing**"); (v) approval of a Break-Up Fee (the "**Break-Up Fee**") to Hospital Development Company Number 1, Inc. as proposed buyer of the Assets (the "**Proposed Buyer**"), as set forth in the APA and modified by the Court; and (vi) approval for the form of notice of the Auction and Sale Hearing.

2.  **Purchase Price.** The Proposed Buyer's Purchase Price for the Assets, as set forth in section 2.1 of the APA, is $6,050,000, subject to certain adjustments described in such section.

3.  **Entry of Orders.** The Bankruptcy Court has entered its order: (i) determining that the Bankruptcy Court will conduct the Auction at the Sale Hearing before the Honorable George B. Nielsen in the United States Bankruptcy Court for the District of Arizona, 230 North First Avenue, Courtroom No. 702, Phoenix, Arizona 85003; (ii) setting September 21, 2010, at 2:00 p.m. local Phoenix time (MST) as the Sale Hearing to conduct the Auction and approve the sale of the Assets; (iii) approving the Break-Up Fee; and (iv) approving these Bid Procedures.

4.  **Initial Proof of Ability to Perform.** Any party wishing to qualify as a buyer of the Assets must provide to Seller adequate financial assurance of capability to perform at least three (3) days prior to the Sale Hearing.

5.  **Consideration of Bids.** Any party wishing to bid for the Assets at the Auction (a "**Competing Bidder**") must have first submitted an initial, qualified bid (a "**Qualified Bid**"). A Competing Bidder who submits a Competing Bid in accordance with the procedures provided herein is a "**Qualified Bidder**." Before Debtor provides any information to a Qualified Bidder, the Qualified Bidder shall have delivered to Debtor a fully executed confidentiality agreement in a form reasonably acceptable to Debtor, Proposed Buyer, Northern Trust and the U.S. Trustee (the "Confidentiality Agreement").

---

[1] All capitalized terms not defined in these Bid Procedures have the same meaning ascribed to them in the Motion.

6.  **Submission of a Qualified Bid**. To become a Qualified Bidder, a Competing Bidder must submit a Qualified Bid in writing to Debtor and the Proposed Buyer on or before 5:00 pm local Phoenix time (MST) three (3) days before the Sale Hearing. Debtor will notify each potential bidder whether each such bidder is a Qualified Bidder. Within one (1) business day after the Bid Deadline, Debtor shall transmit such Qualified Bid to all Qualified Bidders who have submitted a Qualified Bid. The Proposed Buyer is deemed to have submitted a Qualified Bid.

7.  **Requirements for a Qualified Bid**. Each Qualified Bidder, by submitting a bid, shall be deemed to acknowledge that it understands and is bound by the terms of the Bidding Procedures and the Bidding Procedures Order. A Qualified Bid must satisfy the following requirements:

    i.   The Qualified Bid must be in writing, fully executed, and accompanied by a form of APA substantially in the form of the Proposed Buyer's APA (**Exhibit A** to the Sale Motion), and must be black-lined off the Proposed Buyer's APA to show changes thereto;

    ii.  The Qualified Bid must provide all-cash consideration in an amount of at least $6,550,000 (the Proposed Buyer's purchase price plus $500,000) (the "**Minimum Overbid**");

    iii. The Qualified Bid must be accompanied by a good faith deposit by wire transfer, certified or cashier's check, in the amount of ten percent of the Competing Bidder's Qualified Bid;

    iv.  The Qualified Bid must be accompanied by an executed Confidentiality Agreement, and such executed Confidentiality Agreement must be received before any Competing Bidder may conduct due diligence;

    v.   The Qualified Bid must be accompanied by written evidence of a commitment for financing or other satisfactory written evidence that the Competing Bidder has the financial ability to close the transaction contemplated in the Qualified Bid and to pay the purchase price in cash at the Closing, including, without limitation, providing adequate assurance of future performance under any executory contract or unexpired lease to be assumed and assigned to the Competing Bidder under the Competing Bidder's proposed APA;

    vi.  The Qualified Bid must be accompanied by a board resolution or other similar document demonstrating the authority of the Competing Bidder to make a binding and irrevocable bid; and

    vii. All Qualified Bidders (with the exception of the Proposed Buyer to the extent of the Break-Up Fee) shall bear their own costs and expenses in connection with submission of bids, the Auction, the sale process and preparation of those documents necessary to effectuate a transfer of title of the Assets.

8.  **Auction Procedures**. Only Qualified Bidders will be permitted to bid at the Auction. If no Qualified Bids are received, the Proposed Buyer will be deemed the winning bidder at the

Auction. If Qualified Bids are submitted, the highest Qualified Bid, and in the event of multiple Qualified Bids of an equal value, the first such Qualified Bid received by Debtor, will be the "**Initial Auction Bid**." Each Qualified Bidder must appear in person or through a duly authorized representative at the Auction. After the announcement of the Initial Auction Bid, Debtor will allow for additional bidding at the Auction. The Proposed Buyer and any other Qualified Bidder may increase their respective bids as many times as they choose, provided that each subsequent bid must exceed the prior bid by at least $100,000.00, and the Proposed Buyer will receive cash credit for the Break-up Fee and the Good Faith Deposit (as defined in Section 2.5 of the APA) in connection with any subsequent bid. Notwithstanding the foregoing, the Proposed Buyer, in lieu of exceeding the prior bid, may also match any competing bid, including the Initial Auction Bid, and Debtor will deem the Proposed Buyer's matching bid the highest and best offer based on the Break-up Fee that otherwise would be paid to the Proposed Buyer. The Auction shall continue until the Winning Bidder has been determined by Debtor.



C. Taylor Ashworth, AZ Bar No. 10143
Christopher Graver, AZ Bar No.13235
Josh Kahn, AZ Bar No. 26284
**STINSON MORRISON HECKER LLP**
1850 N. Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 279-1600
Fax: (602) 240-6925
cgraver@stinson.com

Attorneys for Arizona Heart Institute, Ltd.

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>ARIZONA HEART INSTITUTE, LTD.<br><br>Debtor. | Chapter 11<br><br>Case No. 2:10-bk-24062-GBN<br><br>**NOTICE OF AUCTION AND HEARING REGARDING DEBTOR'S MOTION TO AUTHORIZE THE SALE OF SUBSTANTIALLY ALL OF ITS ASSETS AND RELATED ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS PURSUANT TO SECTIONS 105, 363 AND 365 OF THE BANKRUPTCY CODE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS**<br><br>**Hearing Date:** September 21, 2010<br>**Hearing Time:** 2:00 p.m.<br>**Location:** Courtroom #702<br>230 N First Ave<br>Phoenix AZ 85003 |

TO ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that on July 30, 2010, Arizona Heart Institute, Ltd. ("**AHI**" or "**Debtor**"), as debtor and debtor-in-possession, filed a motion (the "**Sale Motion**") with the United States Bankruptcy Court for the District of Arizona (the "**Court**"), requesting, among other things, entry of an order (the "**Sale Order**"), pursuant to sections 105, 363, and 365 of title 11 of the United States Code (the "**Bankruptcy Code**"), authorizing (a) the proposed sale (the "**Asset Sale**") free and clear of liens, claims, encumbrances and interests in substantially all assets of the Debtor (the "**Assets**"), and (b) assumption and assignment of certain executory contracts and agreements by Hospital Development Company Number 1, Inc. (the "**Proposed Purchaser**") pursuant to the terms of that certain Asset Purchase Agreement (the "**APA**") among AHI and the Proposed Purchaser dated July 30, 2010 (including all related instruments, documents, exhibits, schedules, lists and agreements).

AHI is a specialty outpatient clinic dedicated to the prevention, detection, and treatment of cardiovascular diseases. AHI currently operates in two leased locations, and it employs 15 physicians and approximately 134 other employees. As set forth in section 1.1 of the APA, the Assets to be sold include, among other things, all of Debtor's tangible property, machinery, equipment, inventories, tenant improvements, goodwill, software and computer programs, hardware, intellectual property (including the name "*Arizona Heart Institute*" and all other trade names and acronyms under which Debtor conducts its business or by which it is commonly known), prepaid expenses (other than prepaid insurance or prepaid other assets) and certain deposits, books and records (including all patient charts and records since January 1, 2007, patient lists and appointment books relating to patients treated by the Practice), and other assets owned by Debtor as set forth in the APA, including the assumption and assignment of certain of the Debtor's executory contracts and unexpired leases designated by the Proposed Buyer (the "**Executory Agreements**") (collectively, the "**Acquired Assets**").

PLEASE TAKE FURTHER NOTICE:

Pursuant to an interim order dated _____, 2010, granting certain of the relief related to, among other things, the Bid Procedures[1] and Breakup Fee requested in the Sale Motion (the "**Bid Procedures Order**"), the Court will conduct an auction (the "**Auction**") at the Sale Hearing described below for the sale of the Assets. A final hearing on the Bid Procedures Order, addressing the objections, if any, of the Unsecured Creditors' Committee, will be held on September 10, 2010, at 11:15 a.m. local Phoenix time (Mountain Standard Time), before the Honorable George B. Nielsen in the United States Bankruptcy Court for the District of Arizona, 230 North First Avenue, Courtroom No. 702, Phoenix, Arizona 85003.

Parties wishing to participate in the Auction must become Qualified Bidders and submit Qualified Bids so that such Qualified Bids are actually received by Debtor on or before September 17, 2010 at 5:00 p.m. local Phoenix time (Mountain Standard Time) (the "**Bid Deadline**"). The Bid Procedures Order also sets forth, among other things, the specific requirements for a bidder to be a Qualified Bidder and a bid to be a Qualified Bid.

A hearing (the "**Sale Hearing**") will be held on September 21, 2010 at 2:00 p.m. local Phoenix time (Mountain Standard Time), or as soon thereafter as counsel can be heard, before the Honorable George B. Nielsen in the United States Bankruptcy Court for the District of Arizona, 230 North First Avenue, Courtroom No. 702, Phoenix, Arizona 85003, at which time the Debtor will seek entry of an order approving the sale of the Assets in accordance with the Bid Procedures Order.

The Debtor has selected the Proposed Purchaser as the stalking horse bidder pursuant to the terms of the APA, which APA provides, among other things, for the sale of the Assets to the Proposed Purchaser free and clear of liens, encumbrances and interests. Under the terms of the APA, Proposed Purchaser will provide cash consideration of $6,050,000.00, subject to certain adjustments described in the APA.

---

[1] Except as otherwise defined herein, all capitalized terms shall have the same meanings ascribed to them in the Sale Motion.

2

Any entity that wishes to submit a bid for the purchase of the Assets must comply in all respects with the terms and conditions established by the Bid Procedures Order. Copies of the Sale Motion, Bid Procedures Order, and the APA are available upon request by contacting counsel for the Debtor at Stinson Morrison Hecker LLP, 1850 North Central Avenue, Suite 2100, Phoenix, Arizona 85004-4584, Attn. Christopher Graver, Esq. (602-279-1600).

PLEASE TAKE FURTHER NOTICE that objections, if any, to entry of an order granting the remaining relief requested in the Sale Motion, must be made in writing, filed with the Court, and served in accordance with the terms and conditions established by the Bid Procedures Order so as to be actually received by Debtor by **5:00 p.m. local Phoenix time (Mountain Standard Time) on September 14, 2010**.

PLEASE TAKE FURTHER NOTICE that the Court has set a separate deadline for filing objections to the entry of an order approving the assumption and assignment of any Assigned Personal Property Lease listed on Schedule 4.8 to the APA, any Assigned Contract listed on Schedule 4.19 to the APA, or to the amount, if any, proposed to cure all defaults under any such Assigned Personal Property Lease or Assigned Contract. Any such objection shall be in writing, filed with the Court and served, so as to be actually received no later than **September 20, 2010 at 4:00 p.m. local Phoenix time (Mountain Standard Time)**. Any objection to the assumption and assignment of any Assigned Contract or Assigned Personal Property Lease must state with detail the grounds for any objection to the assignment of such contract or lease to the Proposed Buyer.

PLEASE TAKE FURTHER NOTICE that in the absence of any timely objection, the Debtor will submit to the Court a form of order setting forth, among other things, that (i) the notice procedures of the Sale Motion have been satisfied, (ii) no objection to the Sale Motion was timely made or such objection has been resolved, and (iii) the Debtor may proceed with the remaining relief requested in the Sale Motion. The form of order will also provide that to the extent any person or entity has any lien, claim, encumbrance, or other interest ("**Interest**") in the Assets, pursuant to the Sale Motion, such Interest will attach to the proceeds derived by the Debtor from the sale of the Assets in order of their priority and with the same validity, force and effect that such Interest has now against the Assets, subject to all rights and defenses the Debtor may have.

**IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE REMAINING RELIEF REQUESTED IN THE SALE MOTION WITHOUT FURTHER NOTICE TO YOU OR THE OPPORTUNITY TO OBJECT.**

3