Joseph Wm. Kruchek, AZ Bar # 010332
**Kutak Rock LLP**
8601 North Scottsdale Road
Suite 300
Scottsdale, AZ  85253-2742
Telephone: (480) 429-5000
Facsimile: (480) 429-5001

Jeffrey T. Wegner
**Kutak Rock LLP**
1650 Farnam Street
Omaha, NE  68102
Telephone: (402) 346-6000
Facsimile: (402) 346-1148

Attorneys for General Electric Capital Corporation

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re<br><br>ARIZONA HEART INSTITUTE, LTD.<br><br>Debtor. | Chapter 11<br><br>Case No. 2:10-bk-24062-GBN<br><br>**OBJECTION TO DEBTOR'S MOTION (I) TO SELL DEBTOR'S ASSETS UNDER ASSET PURCHASE AGREEMENT OR OTHERWISE TO A SUCCESSFUL BIDDER AT AUCTION, FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363(f); (II) TO ASSUME AND ASSIGN CERTAIN UNEXPIRED LEASES IN CONNECTION WITH THE SALE PURSUANT TO 11 U.S.C. § 365; AND (III) FOR RELATED RELIEF** |

General Electric Capital Corporation, a Delaware corporation ("**GECC**"), a lessor, secured creditor and party in interest, objects to the Motion of Arizona Heart Institute, Ltd. ("**Debtor**" or "**AHI**") (i) to sell Debtor's assets under Asset Purchase Agreement or otherwise to

4848-1491-9687.1

a successful bidder at auction, free and clear of liens, claims, interests and encumbrances pursuant to 11 U.S.C. § 363(f) (the "**Sale**"); (ii) to assume and assign certain unexpired leases in connection with the sale pursuant to 11 U.S.C. § 365; and (iii) for related relief (the "**Motion**"). In support of this Objection, GECC states the following:

### I. PRELIMINARY STATEMENT

GECC previously has urged, and continues to support, a sale of the Debtor's assets as a business unit. Before any sale pursuant to Section 363(f) can be approved, however, GECC must either consent to the sale or GECC's claims relating to the sale must be paid in full. The Motion fails to provide that GECC's claims in connection with the Sale will be paid in full and consequently, GECC does not, at this time, consent to the Sale proposed by the Motion. Accordingly, the Motion must be denied until such time as GECC consents to the Sale or the sale process is modified to insure that such claims of GECC in connection with the Sale are paid in full.

### II. GECC'S SECURED CLAIMS

1. On or prior to the date hereof, GECC holds $1,442,832.01 in secured claims against the Debtor in connection with the Sale (which amount is exclusive of other debts and obligations owing by Debtor to GECC under other secured financings, the collateral for which is excluded from the Sale) and is a significant creditor of the Debtor, which claims are based in various equipment financings entered into by GECC and Debtor. Interest, fees and costs continue to accrue as provided in the AHI Secured Financing Agreements (as defined below) and as allowed by 11 U.S.C. § 506(b).

2. More specifically, AHI and GECC entered into that certain (i) Master Lease Agreement (Quasi) dated as of February 25, 2004 (the "**2004 AHI Secured Financing Agreement**"), a true copy of which is attached hereto as **Exhibit 1** and incorporated herein by this reference, and (ii) Master Security Agreement dated as of December 14, 2005 (the "**2005 AHI Secured Financing Agreement**"), a true copy of which is attached hereto as **Exhibit 2** and incorporated herein by this reference (the 2004 AHI Secured Financing Agreement and the 2005 AHI Secured Financing Agreement are collectively referred to herein as the "**AHI Secured Financing Agreements**").

3. Each of said AHI Secured Financing Agreements contain the general terms by which GECC financed AHI's acquisition of various pieces of medical equipment, as "described in any Schedule signed by both parties." As consideration for GECC's agreement to provide such financings, AHI agreed to pay GECC certain monthly installments and other sums, fees and costs, as specified in each of said Schedules.

4. As anticipated in the 2004 AHI Secured Financing Agreement, GECC and AHI executed certain Equipment Schedules thereto, true copies of which are attached hereto as **Exhibit 3** and incorporated herein by this reference.

5. As anticipated in the 2005 AHI Secured Financing Agreement, GECC and AHI executed certain Equipment Schedules thereto, true copies of which are attached hereto as **Exhibit 4** and incorporated herein by this reference.

6. The aforementioned Equipment Schedules to the AHI Secured Financing Agreements executed by the parties memorialize the terms under which various pieces of equipment were financed by GECC, as contemplated in each of the AHI Secured Financing

Agreements. Said terms included, among other things, the requirement that AHI repay each loan through specified monthly payments.

7. Additionally, on or about December 27, 2006, AHI executed and delivered to GECC that certain Promissory Note (the "**2006 Note**"; the AHI Secured Financing Agreements and the various Equipment Schedules thereto and the 2006 Note are herein referred to collectively as the "**Financing Documents**"), a true copy of which is attached hereto as **Exhibit 5** and incorporated herein by this reference. The 2006 Note memorialized a loan from GECC to AHI in the original principal amount of $421,605.93, with interest thereon as specified in the 2006 Note.

8. To secure all of AHI's obligations under the Financing Documents, and pursuant to the AHI Secured Financing Agreements (*see e.g.,* section 19 of the 2004 AHI Secured Financing Agreement and section 3 of the 2005 AHI Secured Financing Agreement), GECC was granted a security interest in all of the equipment described in and subject of the AHI Secured Financing Agreements and the various Equipment Schedules thereto, whether then owned or thereafter acquired together with all cash and non-cash proceeds thereof (together, the "**GECC Collateral**").

9. GECC perfected its liens and security interests in the GECC Collateral by filing UCC financing statements with the Arizona Secretary of State. True and correct copies of the UCC Financing Statements are attached hereto as **Exhibit 6**.

10. The Debtor is in default of its obligations under the Financing Documents for, *inter alia*, its failure to make payments when due. The unpaid obligations that are due and owing from the Debtor to GECC under the Financing Documents is $1,422,832.01 in the aggregate (which amount is exclusive of other debts and obligations owing by Debtor to GECC under other

secured financings, the collateral for which is excluded from the Sale). Interest, fees and costs and other charges continue to accrue as provided in the Financing Documents and 11 U.S.C. § 506(b).

11. Through the Motion and pursuant to the terms of the Asset Purchase Agreement, the Debtor seeks authority to sell a substantial portion of the GECC Collateral (*See e.g*., Schedule 4.7 of the Asset Purchase Agreement) (such portion of the GECC Collateral to be sold being referred to herein collectively as the "**Subject Collateral**") to Hospital Development Company Number 1, a subsidiary of Vanguard Health Systems, Inc. (the "**Proposed Buyer**"), or such other party that submits a higher bid (the "**Alternate Buyer**"), free and clear of GECC's claims, liens and security interests, as applicable.

12. As presently proposed and documented under the Asset Purchase Agreement, at this time, GECC does not consent to the sale of the Subject Collateral pursuant to the Motion.

**III.   Operating Leases between AHI and GECC.**

13. In addition to the Financing Documents (as defined above), GECC and AHI entered into a Master Lease Agreement dated as of September 24, 2007 (the "**2007 AHI Master Lease Agreement**"), a true copy of which is attached hereto as **Exhibit 7** and incorporated herein by this reference.

14. The 2007 AHI Master Lease Agreement contains the general terms by which GECC would acquire and lease to AHI various units of medical equipment, as "described in any Schedule signed by both parties." As consideration for GECC's agreement to enter into such leases, AHI agreed to pay GECC certain monthly installments of rents, taxes and other sums, plus fees and costs and other charges, as specified in such Schedules.

15. As anticipated in the 2007 AHI Master Lease Agreement, GECC and AHI executed certain Equipment Schedules thereto, true copies of which are attached hereto as **Exhibit 8** and incorporated herein by this reference (the 2007 AHI Master Lease Agreement and the Equipment Schedules thereto are collectively referred to herein as the "**Lease Agreement**").

16. The aforementioned Equipment Schedules executed by the parties memorialize the terms under which various units of medical equipment were acquired and owned by GECC and leased to AHI, as contemplated by the Lease Agreement (the equipment described in and subject of the Lease Agreement being referred to herein, collectively, as the "**GECC Leased Equipment**"). Said terms included, among other things, the requirement that AHI repay the lease through specified monthly installments of rents, taxes and other sums.

17. The Debtor is in default of its obligations under the Lease Agreement for, *inter alia*, its failure to make payments of rents and other sums when due. Interest, fees and costs and other charges continue to accrue as provided in the Lease Agreement and 11 U.S.C. § 506(b).

18. Through the Motion and pursuant to the terms of the Asset Purchase Agreement, the Debtor proposes to assume and assign and transfer to the Proposed Buyer or the Alternate Buyer, as the case may be, and for the Proposed Buyer or the Alternate Buyer, as the case may be, to then assume from the Debtor, several of the deemed leases evidenced by Equipments Schedules to the 2007 AHI Master Lease Agreement, together with the Debtor's rights, as lessee, to the related GECC Leased Equipment (*See e.g.*, Schedule 4.8 of the Asset Purchase Agreement) (such portion of the GECC leases to be assigned and assumed being referred to herein collectively as the "**Subject Leases**" and the GECC Leased Equipment relating thereto being referred to herein collectively as the "**Subject Leased Equipment**").

19. Under the terms of the 2007 AHI Master Lease Agreement, GECC's prior written consent is required as to any assignment or transfer of any of the GECC leases or the interest of Debtor, as lessee, in the related GECC Leased Equipment or the rights and obligations of Debtor, as lessee, under said leases (*See* Section 17 of the 2007 AHI Master Lease Agreement).

20. As presently proposed and documented under the Asset Purchase Agreement, at this time, GECC does not consent to the assignment and assumption of the Subject Leases or the transfer of Debtor's rights and obligations thereunder or its interests in the Subject Leased Equipment.

**IV.     Objection to Sale of Subject Collateral**

21. The Sale proposed by the Motion would violate Section 363(f) and cannot be approved. Section 363(f) provides that a debtor may only sell assets free and clear of liens (and other interests) if:

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) the secured creditor consents;

(3) the price at which such property is to be sold is greater than the aggregate value of all liens of such property;

(4) the lien is in bona fide dispute; or

(5) the secured creditor could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such lien.

11 U.S.C. § 363(f)(1)-(5). The Motion does not provide for a sale or a sale process that will satisfy the conditions of Section 363(f).

a. Section 363(f)(1) is not satisfied here, as there is no non-bankruptcy law that would authorize the sale of the Subject Collateral, free and clear of GECC's lien and security interest. Pursuant to the Arizona Uniform Commercial Code, GECC has a perfected lien and security interest in the Subject Collateral and such perfected lien and security in the Subject Collateral would continue in such Subject Collateral, notwithstanding a sale of such Subject Collateral (*See* A.R.S. § 9A-315).

b. Section 363(f)(2) is not satisfied because, at this time, GECC does not at this time consent to the sale.

c. Section 363(f)(3) is not satisfied because the Subject Collateral cannot be sold free and clear of liens, claims and encumbrances unless GECC's claim is satisfied in full. *See* In re PW, LLC, 391 B.R. 25, 46 (BAP 9th Cir. 2008) ) (Section 363(f)(3) of the Bankruptcy Code does not authorize the sale free and clear of a lienholder's interest if the price of the estate property is equal to or less than the aggregate amount of all claims held by creditors who hold a lien or security interest in the property being sold); *In re WDH Howell, LLC*, 298 B.R. 527, 534 (D.N.J. 2003); *In re Terrace Chalet Apts, Ltd.*, 159 B.R. 821, 828 (N.D. Ill. 1993); *In re Stroud Wholesale, Inc.*, 47 B.R. 999, 1002 (E.D.N.C. 1985), aff'd mem., 983 F.2d 1057 (4th Cir. 1986); *In re Feinstein Family P'ship*, 247 B.R. 502, 509 (Bankr. N.D. Fla. 2000); *In re Perroncello*, 170 B.R. 189, 191 (Bankr. D. Mass. 1994).

d. Section 363(f)(4) is not satisfied because there is no bona fide dispute as to the validity and enforceability of GECC's liens and claims.

e. Section 363(f)(5) is not satisfied because there is no legal or equitable proceeding under which GECC could be forced to accept a money satisfaction of less than the amount of its claims.

22. Because the Sale proposed by the Motion cannot be authorized pursuant to 11 U.S.C. § 363(f), this Court must deny the Motion.

**V. Objection to Assignment and Assumption of Subject Leases**

23. The Debtor has failed to demonstrate that any assumption or assumption and assignment of the Subject Leases will fully comply with all of the requirements of 11 U.S.C. § 365(b) including, but not limited to adequate assurance of future performance. In particular, because the assignee of the Subject Leases has not been identified, the Debtor cannot demonstrate that the assignee will be able to perform in accordance with the Subject Leases from and after the date of the assignment. GECC therefore objects to any assumption and assignment of the Subject Leases until such time as full compliance with Section 365(b) has been demonstrated. Furthermore, GECC further objects to the extent that less than all of the Subject Leases listed on Schedule 4.8 of the Asset Purchase Agreement are assumed and assigned and transferred to the Proposed Buyer or the Alternate Buyer, as the case may be, as part of the Sale.

24. The Subject Leases are listed on the Debtor's Notice of Filing Schedule of Cure Costs for Debtor's Unexpired Leases and Executory Contracts to be Assumed and Assigned ("**Cure Schedule**") having an aggregate cure amount of $61,697.41. Such amount may be sufficient to satisfy the monetary obligations that are currently due and delinquent. However, rent and other monetary obligations will become due and owing pursuant to the Subject Leases from and after the date hereof and must be paid by the Debtor when due or paid in connection with any

assignment and assumption of the Subject Leases. GECC objects to an assignment and assumption of the Subject Leases unless rent and other monetary obligations that become due pursuant to the Subject Leases from and after the date hereof (i) are paid in full when due, or (ii) are paid in full prior to the assumption of the Subject Leases.

25. Additional monetary obligations have accrued pursuant to the Subject Leases but have not yet become the subject of an invoice or statement and may not become due prior to the entry of an Order approving the assumption of the Subject Leases. A non-exclusive example of these accrued, but not yet due, obligations is personal property taxes which must be paid by the lessee when due pursuant to Section 5 of the 2007 AHI Master Lease Agreement. The Debtor, and any proposed assignee, must acknowledge, and any Order approving cure amounts and the assumption or assignment of the Subject Leases must provide, that the Debtor and any proposed assignee shall be liable for all amounts that have accrued but have not become the subject of a tax statement or other invoice without regard to whether such amounts are attributable to a pre-petition or post-petition period. GECC objects to any assumption of the Subject Leases to the extent that the Order approving any assumption or assignment of the Subject Leases does not obligate Debtor or any assignee to pay all obligations that have accrued under the Subject Leases but have not yet become due and payable prior to the date an Order is entered approving the assumption or assignment of the Subject Leases.

26. GECC additionally asserts its right to be reimbursed as part of the cure payments for all of its actual pecuniary losses including, but not limited to, attorneys' fees and costs expended with regard to Debtor's bankruptcy proceedings. GECC objects to the extent that all cure amounts are not immediately paid in full in advance of any assumption of the Subject Leases

including all of its actual pecuniary losses including, but not limited to, attorneys' fees and costs expended with regard to Debtor's bankruptcy proceedings.

27. The Subject Leases also provide that the Debtor must indemnify and hold GE harmless with regard to any and all claims suffered by GECC and arising from Debtor's use and occupancy of the Subject Leased Equipment. Any assignee of the Subject Leases must assume all indemnification liabilities set forth in the Subject Leases or the Debtor must be required to evidence, or obtain adequate insurance in order to guaranty that its indemnity responsibilities will be met. GECC objects to any assumption and assignment of the Subject Leases to the extent that it does not obligate any assignee of the Subject Leases to be responsible for all indemnification liabilities or obligate the Debtor to otherwise provide assurance that such indemnification obligations will be satisfied.

28. For the foregoing reasons, GECC at this time must object to the proposed assignment and assumption of the Subject Leases.

WHEREFORE, GECC respectfully requests that the Motion be denied until such time as (i) the sales procedures are modified to insure that GECC's secured claims relating to the Sale are paid in full or GECC's consent to such Sale is otherwise procured and (ii) there is established adequate assurance of future performance of the Subject Leases or GECC's consent to the assignment and assumption of the leases is otherwise procured.

Dated this 14th day of September, 2010.

/ / /

/ / /

/ / /

<pre>
                                    GENERAL ELECTRIC CAPITAL
                                    CORPORATION

                                    By: /s/ Joseph Wm. Kruchek
                                        Joseph Wm. Kruchek, AZ Bar #010332
                                        Kutak Rock LLP
                                        8601 North Scottsdale Road
                                        Suite 300
                                        Scottsdale, AZ  85253-2742
                                        Telephone: (480) 429-5000
                                        Facsimile: (480) 429-5001


                                        Jeffrey T. Wegner, Esq.
                                        Kutak Rock LLP
                                        1650 Farnam Street
                                        Omaha, NE 68102
                                        Telephone:  (402) 346-6000
                                        Facsimile:  (402) 346-1148
</pre>

ORIGINAL of the foregoing filed this 14th day of September, 2010, with:

Clerk of the Bankruptcy Court
District of Arizona

COPY of the foregoing e-mailed this 14th day of Septmeber, 2010, to:

C. Taylor Ashworth
Christopher Graver
Josh L. Kahn
Stinson Morrison Hecker LLP
1850 N. Central Ave., Suite 2100
Phoenix, AZ 85004
tashworth@stinson.com
cgraver@stinson.com
jkahn@stinson.com
Attorneys for Debtor

/ / /

/ / /

| | |
|---|---|
| 1 | Edward K. Bernatavicius |
| 2 | Patty Chan |
| | Office of the U.S. Trustee |
| 3 | 230 N. First Avenue, Suite 204 |
| | Phoenix, Arizona 85003 |
| 4 | Edward.k.bernatavicius@usdoj.gov |
| | Patty.chan@usdoj.gov |
| 5 | Ustpregion14.px.ecf@usdoj.gov |
| 6 | |
| | Brian Sirower, Esq. |
| 7 | Mike Migliaccio, Esq. |
| | QUARLES & BRADY LLP |
| 8 | Renaissance One |
| | Two N. Central Avenue |
| 9 | Phoenix, Arizona 85004-2391 |
| | Brian.sirower@quarles.com |
| 10 | Michael.migliaccio@quarles.com |
| 11 | Attorneys for Northern Trust, N.A. |
| 12 | James W. Kapp III |
| | McDermott Will & Emery |
| 13 | 227 W.t Monroe Street |
| | Chicago, IL 60606-5096 |
| 14 | jkapp@mwe.com |
| 15 | Attorney for Hospital Development |
| | Company No. 1, Inc., a subsidiary of |
| 16 | Vanguard Health Systems, Inc. |
| 17 | Frank F. McGinn |
| | Bartlett Hackett Feinberg P.C. |
| 18 | 155 Federal Street, 9th Floor |
| 19 | Boston, MA 02110 |
| | ffm@bostonbusinesslaw.com |
| 20 | Attorneys for Iron Mountain Information |
| | Management, Inc. |
| 21 | |
| 22 | Sean P. O'Brien |
| | Gust Rosenfeld |
| 23 | One E. Washington Street, Suite 1600 |
| | Phoenix, AZ 85004-2553 |
| 24 | spobrien@gustlaw.com |
| | Attorney for VAS Communications, LLC |
| 25 | |
| 26 | |

| | |
|---|---|
| 1 | Linda Boyle |
| 2 | Tw telecom inc. |
|   | 10475 Park Meadows Dr., #400 |
| 3 | Littleton, CO 80124 |
|   | Linda.boyle@twtelecom.com |
| 4 | Attorney for tw telecom inc, |
|   | Formerly Time Warner Telecom, Inc. |
| 5 | |
|   | Mark S. Sifferman |
| 6 | CLARK HILL PLC |
| 7 | 16427 N. Scottsdale Road, Suite 210 |
|   | Scottsdale, ,Arizona 85254 |
| 8 | msifferman@clarkhill.com |
|   | Attorneys for E&V Investments, LLC |
| 9 | |
|   | Randy Nussbaum, Esq. |
| 10 | Peter M. Genrich, Esq. |
| 11 | John E. Parzych, Esq. |
|   | NUSSBAUM & GILLIS, P.C. |
| 12 | 14500 N. Northsight Boulevard, Suite 116 |
|   | Scottsdale, Arizona 85260 |
| 13 | rnussbaum@nussbaumgillis.com |
| 14 | |
|   | Theodore P. Witthoft |
| 15 | COLLINS, MAY, POTENZA, BARAN |
|   | & GILLESPIE, P.C. |
| 16 | 201 N. Central Avenue, 22nd Floor |
|   | Phoenix, Arizona 85004-0608 |
| 17 | twitthoft@cmpbglaw.com |
| 18 | Attorneys for Gateway Medical Investors, LLC |
| 19 | William Novotny |
|   | MARISCAL, WEEKS, McINTYRE & |
| 20 | FRIEDLANDER, P.A. |
|   | 2901 N. Central Avenue, Suite 200 |
| 21 | Phoenix, AZ 85012-2705 |
| 22 | William.novotny@mwmf.com |
|   | Attorneys for Murli Raman, Fredric Klopf, |
| 23 | and Cardiac Consultants of Sun City, PLC |
| 24 | |
|   | /s/ Rebekah Poston |
| 25 | |
| 26 | |